UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL C. WILLIAMSON,**

    **Plaintiff,**

vs.                                                                                              Case No.: 8:11-CV-439-T-33EAJ

**KB HOME, GEORGE GLANCE,
WAYNE HOROWITZ, JEFFREY MEZGER,
JACK LAZINSK, and FIRST AMERICAN
TITLE COMPANY,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Before the court is pro se Plaintiff's **Affidavit of Indigency** (Dkt. 2), which the court construes as a **Motion to Proceed In Forma Pauperis**.[1]

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Cleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted).

Rule 12(b)(6), Fed. R. Civ. P., governs the dismissal of complaints under § 1915(e)(2)(B)(ii) for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To survive

---

[1] The District Judge referred the motion to the undersigned (Dkt. 2).

Rule 12(b)(6) dismissal, a plaintiff must allege more than "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). The court construes pro se filings liberally. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Nevertheless, pro se parties are "subject to the relevant law and rules of Court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Further, despite the leniency afforded to pro se plaintiffs, the court does not have "license to . . . rewrite an otherwise deficient pleading." GJR Inv., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

Plaintiff's complaint details his experiences with KB Homes and its agents in connection with Plaintiff's unsuccessful attempt to purchase a home. The deal fell apart after Plaintiff could not obtain financing, and Plaintiff tried unsuccessfully to obtain a refund of his $6,600 deposit.

Plaintiff's complaint does not contain a short and plain statement of the grounds for the court's jurisdiction or a short and plain statement showing that he is entitled to relief. See Fed. R. Civ. P. 8(a). Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's **Motion to Proceed In Forma Pauperis** (Dkt. 2) be **DENIED WITHOUT PREJUDICE**; and

(2) Plaintiff be granted an opportunity to file an amended complaint; and

(3) Plaintiff's failure to timely file an amended complaint result in dismissal of this matter. See also Local Rule 3.10(a), M.D. Fla.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

Dated: March 17, 2011

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Pro se Plaintiffs
Counsel of Record
District Judge